PROB 12A
(7/93)

# United States District Court

for

## District of New Jersey

## Report on Offender Under Supervision

Name of Offender: John Henry Ford　　　　　　　　　　　　　　　Cr.: 04-296-01
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　PACTS #: 39394

Name of Sentencing Judicial Officer: Honorable Stanley R. Chesler
　　　　　　　　　　　　　　　　　　　United States District Judge

Date of Original Sentence: 10/14/05

Original Offense: False Statements (Two Counts)

Original Sentence: Probation - 5 years; Fine - $5,000; Restitution - $2,292.72; Special Assessment - $200

Type of Supervision: Probation　　　　　　　　　Date Supervision Commenced: 10/14/05

## NONCOMPLIANCE SUMMARY / REQUEST FOR COURT ASSISTANCE

The above-referenced offender was sentenced before Your Honor on October 14, 2005, following a conviction on two counts of False Statements. The sentence imposed was for five years probation on each count to run consecutively, for a total of ten years. Additionally, the offender was ordered to pay a fine of $5,000, restitution of $2,292.72, and a special assessment of $200. The special conditions of probation imposed by Your Honor included: Community confinement - 5 months; home confinement - 5 months; mental health treatment; financial disclosure; no new debt; occupational restriction; and DNA testing.

Subsequent to completing his five months at the community confinement center, the offender commenced his term of home confinement with electronic monitoring on June 27, 2006. The officer assigned to his case was Senior U.S. Probation Officer Craig G. Inducci. From the onset of supervision, the offender's attitude toward SrUSPO Inducci was adversarial at best, which was subsequent to his 'less than problem free' stay while at the community confinement center.

In December 2006, SrUSPO Inducci filed a Violation of Probation Report with the Court dated December 8, 2006, citing the following alleged violations of probation:

1.　　The offender has violated the supervision condition which states '**You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.**'

2.　　The offender has violated the supervision condition which states '**You shall permit a probation officer to visit you at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer.**'

3.　　The offender has violated the supervision condition which states '**The defendant is to be confined to his residence for a period of 5 months commencing at the direction of the U.S. Probation Office. The defendant shall be required to be at this residence at all times except for approved absences for gainful employment, community service, religious services, medical care, educational or training programs and at other such times as may be specifically authorized by the U.S. Probation Office. The defendant shall wear an electronic monitoring device and follow**

electronic monitoring procedures. The defendant shall permit the probation officer access to the residence at all times and maintain a telephone at the residence without any custom services or portable, cordless equipment. The defendant shall comply with any other specific conditions of home confinement as the probation officer requires. The defendant shall pay the costs of electronic monitoring, specifically $3.26 per day.'

4. The offender has violated the supervision condition which states 'As a condition of supervision, you are instructed to pay a fine in the amount of $5,000; it shall be paid in the following manner: $250/month.'

5. The offender has violated the supervision condition which states 'As a condition of supervision, you are instructed to pay restitution in the amount of $2,292.72 to U.S. Treasury; it shall be paid in the following manner: $150/month.'

6. The offender has violated the supervision condition which states 'It is ordered that the defendant shall pay to the United States a special assessment of $200, which shall be due immediately.'

On December 12, 2006, SrUSPO Inducci spoke to Your Honor by phone, advising of the alleged violations of probation. At that time, Your Honor's initial inclination was to issue a warrant, and SrUSPO Inducci was directed by Your Honor to contact the U.S. Marshals to advise them of the offender's mental health issues and potential threat when executing the warrant. On December 20, 2006, SrUSPO Inducci initiated a call to Theresa Trivino to follow up as to the status of the warrant. During that call, Ms. Trivino stated that the warrant had not been signed, and that it was Your Honor's position that the offender continue to be supervised. SrUSPO Inducci spoke directly to Your Honor on December 21, 2006. At that time, Your Honor directed SrUSPO Inducci to cease supervision efforts for a period of two months in an effort to de-escalate the offender. It was Your Honor's position at that time that perhaps an unsupervised term of probation was suitable. Per Your Honor's directive, SrUSPO Inducci forwarded a letter to the offender, directing him to return the home confinement equipment. Such was never returned.

On January 24, 2007, Sr USPO Inducci met with Your Honor to conference this case. At that time, it was Your Honor's position that we continue to refrain from supervision efforts, as Your Honor did not want to subject any law enforcement personnel to any potential harm due to the volatile nature of the offender. Your Honor stated that you would like the offender on an administrative caseload, and that you wanted no contact with him until he terminated.

The offender's term of probation will continue until October 13, 2015. At this time, we are respectfully requesting the Court's position with regard to how to proceed in this case. We have not actively supervised this offender for over two years, yet he remains an open probation case with conditions and special conditions ordered in his judgment that have not been enforced and/or successfully fulfilled. If it is still Your Honor's position that this offender not actively be supervised, we are respectfully requesting that probation supervision be terminated. If Your Honor prefers a different course of action, we respectfully request direction in that regard. Your Honor's response can be reflected on page three of this correspondence.

Thank you for your assistance with this matter. The undersigned can be reached at 609-867-7112 (office), or 609-638-6596 (cell).

Respectfully submitted,

By: Barbara R. Kerrigan
Supervising U.S. Probation Officer
Date: 07/08/09

## Response Requested

[ ] Termination of Probation Supervision
[✓] Remain on Unsupervised (administrative) Probation
[ ] Commence Actively Supervising Offender
[ ] Submit a Request for Modifying the Conditions or Term of Supervision
[ ] Submit a Request for Warrant or Summons
[ ] Other_____

COMMENTS: _____

_____

_____

_____

_____

_____

_____

_____
Signature of Judicial Officer

_____7/12/09_____
Date